IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

AUG 26 2016

| | | |
|---|---|---|
| GRISELDA C. DELBOSQUE,<br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§ | 3:16-CV-2442-M<br>3:04-CR-0252-M |

## <u>FINDINGS, CONCLUSIONS AND RECOMMENDATION<br>OF THE UNITED STATES MAGISTRATE JUDGE</u>

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

### I. Procedural Background

Before the Court is Petitioner's "Second in Time" motion under 28 U.S.C. § 2255. The Court construes the motion as a successive petition under § 2255.

On June 15, 2005, Petitioner pled guilty to conspiracy to possess with intent to distribute and distribution of a controlled substance, cocaine. The Court sentenced her to 235 months in prison and a five-year term of supervised release. On September 19, 2006, the Fifth Circuit Court of Appeals dismissed Petitioner's appeal. *United States v. Del Bosque*, No. 06-10158 (5th Cir. Sept. 19, 2006).

On August 13, 2007, Petitioner filed her first § 2255 petition. *Delbosque v. United States*, No. 3:07-CV-1389-M (N.D. Tex.). On December 10, 2008, the district court denied the petition on the merits. On July 27, 2009, the Fifth Circuit denied a certificate of appealability.

On September 4, 2013, Petitioner filed her second § 2255 petition. *Delbosque v. United States*, No. 3:13-CV-3812-M (N.D. Tex.) On October 22, 2013, the district court transferred the petition to the Fifth Circuit as successive. On January 8, 2014, the Fifth Circuit denied authorization to file a successive petition.

On May 11, 2016, Petitioner filed a third § 2255 petition seeking to challenge her conviction under the Supreme Court's decision in *Johnson v. United States*, ___ U.S. ___, 135 S.Ct. 2551 (2015). On June 23, 2016, the district court transferred the petition to the Fifth Circuit as successive. On August 3, 2016, the Fifth Circuit dismissed the petition.

On August 23, 2016, Petitioner filed the instant § 2255 petition. She argues her sentence is unlawful under Amendment 794 of the Sentencing Guidelines.

## II. Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a federal prisoner may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub. L. 104-132, 110 Stat. 1214 (1996). A defendant must show that the successive motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255. This determination must be made by a three-judge panel of the court of appeals before defendant files his motion in district court. 28 U.S.C. §§ 2241 and 2255.

The Fifth Circuit has not issued an order authorizing this Court to consider the successive

motion. Petitioner must obtain such an order before another motion for post-conviction relief is filed.

### III. Recommendation

The Court recommends that this petition be TRANSFERRED to the United States Court of Appeals for the Fifth Circuit pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

Signed this 26 day of August, 2016.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).